IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRIT OF TEXAS
McALLEN DIVISION

**UNITED STATES OF AMERICA,**

v.                                                                    Civil Action No.

**$742,000 in D Tronics'
Wells Fargo Account #
6936034393; $2.2 million
in D Tronics' JP Morgan
Chase Accounts 85808816787
and 60336113 collectively;
and, $150,895 in DB
Research's JP Morgan Chase
Account # 85808841488**

    **DEFENDANTS-IN-REM**

**PETITION/MOTION FOR RETURN OF PROPERTY, TO UNSEAL
AFFIDAVITS IN SUPPORT OF SEIZURE WARRANTS,
AND/OR FOR OTHER RELIEF**

**COME NOW** undersigned Counsel, on behalf of Claimants, D Tronics and DB Research, LLP, the owners of the Defendant accounts, who move this Court, pursuant to 18 USC 983(f) and Fed.R.Crim.P. 41(g), to issue an order directing the United States Government to unfreeze, release and return the above referenced accounts to Claimants, the Corporate entities from whom they were seized and in support of said petition/motion shows this Court the following:

    I.    **STATEMENT OF FACTS**

On or about December 2, 2011 the United States Government, in

the Southern District of Texas, executed a ***Warrant to Seize Property Subject to Forfeiture*** in McAllen Texas on the bank account of the business entity "D Tronics", held at the Wells Fargo Bank, Account # 6936034393, Warrant # H11-1536 M; and, upon the bank accounts of the business entity "D Tronics", held at the JP Morgan Chase Bank, account #'s 85808816787 and 60336113 ***collectively.*** The aggregate amount authorized to be seized being up to $2,942,000.

Subsequently, on December 5, 2011, the United States Government, in the Southern District of Texas, executed a ***Warrant of Seizure*** issued by the United States District Court for the Southern District of New York, in McAllen Texas, on the bank account of the business entity "DB Research, LLP", held at the JP Morgan Chase Bank, Account # 85808841488, Warrant # 11 MAG 3080.  The total amount authorized to be seized being $150,895.

The New York warrant avers that the seizure is "civil" in nature and that it is authorized pursuant to 31 USC section 5317 (c) and 18 USC section 984.  Neither Texas warrant identifies the authority under which it was issued, although each warrant reflects that it is SEALED and that "public and unofficial access to [each] instrument [is] prohibited".

II.     INTEREST OF CLAIMANTS

As contemplated by 18 USC 983(d) and (f)(1),(8), the claimants, D

Tronics and DB Research, LLP, are the legal owners of, and have a possessory interest in, the seized accounts. They are business entities which have been legally conducting business in McAllen, Texas for more than 15 years; the community where the accounts that are the subject of the seizure warrants are maintained.

Should the Government be allowed to continue possession of the subject monies, it will cause claimants substantial hardship as said amounts are the working capital and revenues of the businesses. Without these funds Claimants' businesses will be unable to function as payment for products from overseas manufacturers will be in default and payroll for the 130 employees of these companies will not be met.

The currency at issue constitutes the assets of legitimate businesses and the likely hardship to Claimants outweigh any risk that the property will be lost or transferred during the pendency of any potential forfeiture proceeding. The funds will not be used to commit any misconduct as the reporting requirements for cash payments to their business, which were previously unknown to Claimants and which seem to be the subject of the seizures, will be adhered to in the future so that any past discrepancies will not be repeated.

Claimants have made demand for return of the seized *res*.

### III.   RULE 41(g) JURISDICTION

Furthermore, Fed.R.Crim.P. 41(g) is also an appropriate mechanism for the court to consider in determining whether to order the

seized monies' return, as currently no civil or criminal case is pending against Claimants or its principals.  Consequently, this Court can act as a court of equity in deciding the fate of the seized amounts by exercising "anomalous jurisdiction" over the funds.  See Gonzalez v. U.S., 257 F3d 31(1st Cir.2001).

The Fifth Circuit has held that under Rule 41(e) [Rule 41(g) as amended in 2002], the district in which the seizure took place has jurisdiction to address a motion for return of property.  ***In re Grand Jury Proceedings***, 115 F.3d 1240, 1245 (5th Cir. 1997) (quoting Rule 41(e)).  Whether the government's conduct here was lawful is a matter only this Court can decide.  Furthermore, it is well established law that a party can bring a Rule 41(g) motion for the return of property prior to the filing of any criminal proceedings.  ***Richey v Smith***, 515 F.2d 1239, 1243 (5th Cir. 1975); ***United States v Martinson***, 809 F.2d 1364, 1366, 1367 (9th Cir. 1987); ***Pieper v United States***, 604 f.2d 1131, 1133 (8th Cir. 1979) (decided under Rule 41(e)).

Rule 41 (g) expressly authorizes a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property" to "move for the property's return…in the district where the property was seized.".  The disjunctive language of the Rule demonstrates that its mission is to aid either those "aggrieved by an unlawful search and

seizure" (the first prong of Rule 41(g)) or those aggrieved by the deprivation of their property (the second prong). ***In re Grand Jury Investigation Concerning Solid State Devices, Inc.***, 130 F.3d 853 (9th Cir. 1997) ("A Rule 41(e) motion therefore should be granted either when the movant is aggrieved by an unlawful seizure or, if the seizure was lawful, when the movant is aggrieved by the government's continued possession of the seized property.") (citing 1989 Advisory Committee notes).

### IV.    UNSEALING OF AFFIDAVITS

Under the common law, judicial records and documents have been historically considered to be open to inspection by the public. ***In re Search Warrant for Secretarial Area Outside of Office of Gunn***, 855 F.2d 569, 573 (8th Cir. 1988).  Public access to documents filed in support of search warrants is important to the public's understanding of the judicial process, and may also serve as a curb on prosecutorial misconduct. ***Id.***  Documents may be sealed if specific, on the record, findings are made that the sealing is necessary to preserve compelling government interests and is narrowly tailored to that interest. ***Press-Enterprise Co v Superior Court of California for Riverside County***, 478 U.S. 1, 13-14, 106 S.Ct. 2735, 2743, 92 L.Ed.2d 1 (1986).  If the court decides to seal records, it must explain why the sealing was necessary and why less restrictive measures were not appropriate.

***Press-Enterprise Co. v Superior Court of California, Riverside County***, 464 U.S. 501, 504, 104 S.Ct. 819, 824, 78 L.Ed.2d 629 (1984); ***In re Search Warrant for Secretarial Area Outside Office of Gunn***, 855 F.2d at 573 to 574 (Judicial records, including search warrant affidavits "have historically been considered to be open to inspection by the public".  Although this right is qualified, access may be denied only when nondisclosure "is necessitated by compelling government interest."); ***In re Search Warrant Issued Aug. 29, 1994***, 889 F.Supp. 296, 299 to 300 (S.D. Ohio 1995) (refusing to accept mere assertion that the existence of an ongoing investigation justified continuing secrecy); ***Matter of Wag-Aero, Inc.***, 796 F.Supp. 394, 395 (E.D. Wis. 1992) (concluding that the injury to a party's due process rights flowing from nondisclosure significantly outweighed the harm that disclosure might cause to the government's ongoing investigation).

In its recent opinion in ***United States v Ochoa-Vasquez***, 428 F.3d 1015 (11th 2005), the Eleventh Circuit thoroughly discussed the common law First Amendment right of access to criminal trial proceedings.  The Court recognized that "[o]pen criminal proceedings have been an 'indispensable attribute of an Anglo-American trial' for centuries." ***Id.*** quoting ***Richmond Newspapers v Virginia***, 448 U.S. 555, 569 (1978). Public judicial proceedings mean that "justice cannot survive behind walls of silence". ***Gannett Co. v DePasquale***, 443 U.S. 368, 412 (1979).

The Court noted that

> When sealing proceedings or documents a court must articulate the overriding interest along with findings specific enough that a reviewing court can determine whether the closure order was property entered.
>
> *Id*. citations omitted.

That is, there is a **presumptive openness** that may be overcome **only** if it can be shown that "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*, citing **Press-Enterprise I**, 464 U.S. at 510. **See also Romero v Drummond, Inc.**, 480 F.3d 1234 (11th Cir. 2007); **United States v Bradley**, 2007 WL 1703232 at *4 (SD Ga 2007) (citing the need for "informational oxygen".).

In this case, there is no compelling government interest which justifies "the extraordinary act of sealing warrant materials after the underlying search has been conducted." **In re Search Warrant Issued August 29, 1994**, 889 F.Supp. at 299.  Since Claimants are the aggrieved parties, their interest is stronger than the public at large.  That is, there is a constitutionally significant difference between the right of access by the public-qua-public (media, etc.) and the "aggrieved party" itself.

Thus, Claimants ask this Court to unseal the affidavits allowing the Claimants access to the seizure warrants for the named res.

### V. ADDITIONAL ARGUMENT AND CITATION OF AUTHORITY

The warrants executed in the instant matter fail to disclose the nature of the 5317 (c) or 984 violations relied upon by the Government to authorize the seizure of the Defendant accounts. In that regard however, any inadvertent failure to file monetary transaction reports regarding monies received for the purchase of products manufactured and sold by D Tronics and DB Research, LLP, is insufficient to authorize the seizure of the amounts that are the subject these warrants.  ***United States v. $24,900.00, 770 F2d 1530, 1533-36 (11th Cir. 1987).***

The United States Supreme Court has clearly recognized that there is a Constitutional limitation on the forfeiture of assets under section 5317, holding "that a punitive forfeiture violates the Excessive Fines Clause of the Eighth Amendment if it is grossly disproportional to the gravity of a defendant's offense." ***United States v. Bajakajian, 118 S. Ct. 2028 (1998)***.  The Court first identified a shift against unbridled government action with regard to civil forfeiture in ***Austin v. United States, 509 U.S. 309 (1993)***, holding that the Excessive Fine Clause of the Eighth Amendment ***"did apply"*** to such seizures because civil forfeiture is a ***"punishment",*** subject to the scrutiny required by that clause.

Similarly, the Supreme Court has identified a Fifth Amendment Procedural Due Process violation with regard to the unfettered seizure of real property, absent exigent circumstances. ***United States v. Good***

***Real Property*, 510 U.S. 43 (1993)**. This limitation is consistent with the Court's long held finding that there is also a due process right to a hearing on a cash forfeiture, at a "meaningful time", to protect the rights of an innocent owner***. United States v. $8850, 461 U.S. 555, 564 (1983)***.

To date and to Claimants' knowledge, no non-judicial forfeiture; complaint for forfeiture; or, criminal indictment has been filed or returned with regard to the Defendant in-rem accounts.

**WHEREFORE,** Claimants move this Court to issue an order directing the United States Government to: (1) immediately unfreeze, release and return the above referenced accounts to Claimants; (2) unseal the affidavits utilized to obtain the seizure warrants for the Defendant accounts; and, (3) for any other relief this Court deems just and proper; **OR,** set a date for an evidentiary hearing wherein the Government can attempt to demonstrate why the relief prayed for should not be granted.

This the 30th day of December, 2012.

Respectfully submitted,

s/ L. David Wolfe_____
L. David Wolfe, P.C.
Georgia Bar No. 773325
Attorney for Defendant

s/Ricardo Perez                    s/Bruce S. Harvey
Texas Bar No. 24048723    Georgia Bar No. 335175
Attorney for Defendant       Attorney for Defendant

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing pleading on the following individual by electronic filing, which will automatically send email notification of such filing to the following:

>Ralph "Ted" Imperato
>Ralph.imperato@usdoj.gov
>United States Attorney's Office
>United States Courthouse
>McAllen, Texas 78501

This 30th day of December, 2012.

>Respectfully Submitted,


>s/ L. David Wolfe_____
>L. David Wolfe, P.C.
>Georgia Bar No. 773325
>Attorney for Defendant
>
>s/Bruce S. Harvey
>Georgia Bar No. 335175
>Attorney for Defendant
>
>s/Ricardo Perez
>Texas Bar No. 24048723
>Attorney for Defendant